No. 872

PENNA. R. R. CO. v. N. O. T. & L. CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1045.  Decided June 11, 1926

475.  ESTOPPEL—Where a contract is invalid for want of mutuality, and where the party asserting the invalidity has received benefits thereunder contracted for, such party will be estopped from refusing performance on the ground that said contract was not originally binding on the other party who has performed.

PARDEE, P. J.

The Pennsylvania Railroad Co. brought this action originally in the Summit Common Pleas against the N. O. T. & L. Co. The cause of action was based upon two contracts made by predecessors in interest of both companies, under which the tracks of the N. O. T. & L. Co. were to cross the tracks of the Railroad Co. at a certain point.

It was conceded that the parties had claims against each other for installation of crossing frogs and expense of maintaining the same independently of the contract; but the N. O. T. & L. Co. denied that it was liable for cost of installation and maintenance of gate and flagman; it being contended that there is no valid consideration mentioned in the contracts upon which the claims of the Penn. R. R. Co. can be predicated.

The judgment in the lower court was in favor of the defendant in error, and error was prosecuted to the Court of Appeals which held:

1. By the terms of the contracts, there was

a continuing offer made by the defendant to the plaintiff that if it would install the gates and maintain the watchmen, it would pay plaintiff in accordance with the terms of the contracts.

2. The record shows that plaintiff did do the things contained in said offer set forth in the contracts and that defendant accepted the benefits thereof for a long period of time.

3. This offer having been accepted by the plaintiff, by its doing the acts therein called for, constituted both the acceptance and the consideration and resulted in a binding executed contract.

4. If a contract, although not originally binding for want of mutuality, is nevertheless executed by the party not originally bound so that the party asserting the invalidity of the contract has actually received the benefit contracted for, the latter will be estopped from refusing performance on his part on the ground that the contract was not originally binding on the other who has performed.

5. There is therefore, a binding obligation resting upon the defendant to pay to the plaintiff the amounts claimed in the first and second causes of action based upon the installation and maintenance of gates and watchmen at the crossings, and the expense incidental thereto.

Judgment reversed and final judgment for plaintiff in error.

Attorneys—Waters, Andress, Southworth, Wise & Maxon for Penn. R. R. Co.; Mather, Nesbitt & Willkie for N. O. T. & L. Co.; all of Akron.